STATE OF RHODE ISLAND
NEWPORT, SC

SUPERIOR COURT

PATRICK AGIN by and through his mother HEIDI FARRINGTON,
PLAINTIFF,

vs.

NC06-0609

PORTSMOUTH SCHOOL COMMITTEE, SYLVIA WEDGE, MICHAEL BUDDEMEYER, E. RICHARD CARPENTER, JAMIE R.B. HEANEY, TERRI D. CONTRIVEND, DOUGLAS L. WILKEY, MARJOURIE LEVESQUE, in their capacities as members of the Portsmouth School Committee, and ROBERT LITTLEFIELD, in his capacity as Principal of Portsmouth High School,
DEFENDANTS.

06 DEC 11 PM 4:13

## VERIFIED COMPLAINT

### I. Parties

1. Patrick Agin, a minor, is a student at Portsmouth High School in his senior year. This civil action is brought on his behalf by and through his mother and natural guardian Heidi Farrington, plaintiff. Both Patrick and his mother are residents of 62 Alan Avenue, Town of Portsmouth, R.I., 02871.

2. Defendant Portsmouth School Committee is a municipal body operating and organized under the laws of Rhode Island and imbued by R.I.G.L. § 16-2-9 with the power to control and manage Portsmouth Public High School and the responsibility to assure the implementation of the laws of the United States and of the State of Rhode Island in the exercise of that power.

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

3. Defendants Sylvia Wedge, Michael Buddemeyer, E. Richard Carpenter, Jamie R.B. Heaney, Terri D. Contrivend, Douglas L. Wilkey, Marjourie Levesque, sued in their official capacities, are current members of the Portsmouth School Committee.

4. Defendant Robert Littlefield, sued in his official capacity, is the Principal of Portsmouth High School.

## II. Jurisdiction and Venue

5. This is a civil action filed in order to protect the rights of Patrick guaranteed by the First and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and Article I Sec. 21 of the Rhode Island Constitution. Plaintiff seeks, initially, a temporary restraining order, a preliminary injunction, and then a permanent injunction, and a declaratory judgment, and such other relief as this Court deems just. The Court has subject matter jurisdiction over these claims pursuant to R.I.G.L. § 8-2-13.

6. The actions complained of took place in Newport County and venue is thus proper in the Court pursuant to R.I.G.L. §8-2-27 and Rhode Island Superior Court Rule of Civil Procedure 18.

## III. Background Facts

### A. Patrick's Submission of a Photograph to the School's Yearbook

7. In September 2006, in response to Portsmouth High School's (the "School") invitation for submission of senior portrait photographs for inclusion in the School's yearbook, Patrick submitted a photograph of himself. A true and accurate copy of the photograph is attached as Exhibit 1.

True Copy Attest

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

8. Patrick is a member of the Society for Creative Anachronism, an organization whose purpose is to promote research and reenactment of medieval and Renaissance history. The photograph submitted by Patrick, Exhibit 1, showed him dressed in medieval chain mail and holding a medieval prop broadsword.

9. The photograph was an expression of Patrick's interest in medieval studies and the importance of such interest to him.

10. The photograph was neither intended to nor did it promote, encourage, or condone the use of violent actions.

11. Shortly after submitting his senior portrait, Patrick heard that approval of the photograph was being reviewed by Principal Littlefield.

12. Principal Littlefield initiated no contact with Patrick concerning the picture. In October, 2006, after hearing that the photo was being reviewed by Mr. Littlefield, Patrick scheduled a meeting with Principal Littlefield. At that meeting Mr. Littlefield informed Patrick that he was still considering the appropriateness of the photo..

**B. <u>The Policies and Practices Governing Submissions to the Yearbook</u>**

13. The School invites seniors, such as Patrick, to submit senior portrait photographs, friends' pictures, baby pictures, "blurbs" and "remember when's" for inclusion in the School's yearbook.

14. Students are permitted to have their pictures taken off of School grounds, by photographers of the student's choosing, and dressed in clothing of the student's choosing.

15. Upon information and belief, the School has no written policy on the content of submissions for inclusion in the yearbook, except that the announcement

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

inviting seniors to make submissions stated that "blurbs" and "remember when's" "will be read by Mr. Littlefield and will be edited for profanity and any inappropriate statements."

16. Upon information and belief, the yearbook is to be submitted to the printer on or about December 18, 2006.

C. **The School's Weapons Policy is Inapplicable**

17. The School has a policy entitled "WEAPONS AND VIOLENCE IN SCHOOLS" (hereafter "weapons policy") which states, in relevant part, as follows:

> The purpose of this policy is to ensure a school environment that is conducive to learning. The underlying belief of this policy is that all children have the right to be educated in a safe and nurturing environment. Therefore, each school shall enforce a policy of zero tolerance for weapons and violence in schools.

The weapons policy seeks to define "weapon" by providing examples, including loaded and unloaded guns, knives, razors, explosives and animals which could be used to inflict bodily harm. The weapons policy also references objects "which by virtue of … [their] shape or design give[] the appearance of any of the aforementioned," and offers a toy gun as one example.

18. The weapons policy makes no reference to photographs or depictions of weapons on School grounds or at School activities, and certainly does not reference those photographs which do not promote, encourage, or condone the use of violent actions, such as the photograph Patrick submitted.

19. The weapons policy by its terms is limited to activities which take place "in school," and explicitly prohibits actual assaults – defined as an act of physical

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

violence or an aggravated threat of physical violence – only when they take place on School grounds or at school activities.

20. The weapons policy states "School grounds shall mean the property of any elementary, middle or high school, all buildings and vehicles used by the Portsmouth School Department, including any portion of any building, structure, stadium, field or vehicle, which at the time of an assault was being used for an activity sponsored by or through the school department."

21. The weapons policy makes no mention of a photograph containing a weapon within School publications.

22. The weapons policy provides "*Possession of a weapon* at school or a school activity will result in … [various penalties]" (emphasis added).

23. The weapons policy provides no penalty for depiction of a weapon at school or a school activity.

**D. The School Has not Enforced the Weapons Policy in the Past as it Does Now**

24. Upon information and belief, defendants have never construed the School's weapons policy to preclude photographs of weapons which do not promote, encourage, or condone the use of violent actions.

25. Indeed, the School's mascot is a patriot, which is depicted on School grounds and in School publications variously armed with weapons, including, in some instances, a sword and a gun.

26. Upon information and belief, the School's text books contain representations, historical and otherwise, which have illustrations and photographs that depict weapons, including guns and swords.

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

27. Upon information and belief, the School has staged theatrical performances on School property which utilized prop weapons.

28. As of November 20, 2006, the School's website contained several pictures of students dressed in what appear to be Halloween costumes incorporating fake guns and swords. Exhibit 2.

## IV. Operative Facts

29. On or about November 20, 2006, Patrick heard that Principal Littlefield had decided to reject Patrick's photograph for inclusion in the yearbook.

30. On or about November 27, 2006, Patrick's mother, Ms. Farrington, conferred with Principal Littlefield.

31. At the November 27, 2006 conference, Principal Littlefield stated that it was his responsibility to make certain the yearbook presented an appropriate image of the School, that his decision was solely a matter of his discretion, and that there was no written School policy on submissions to the yearbook.

32. Principal Littlefield further stated that he believed the photograph represented a violation of the School's weapons policy.

33. Principal Littlefield informed Ms. Farrington that he would permit a digitally altered photograph of Patrick in which the sword had been deleted. At a second meeting later that day, Principal Littlefield produced such a photograph, which showed only Patrick's head.

34. Both Patrick and Ms. Farrington declined to assent to the alteration of the photograph and urged Principal Littlefield to reconsider his decision.

True Copy Attest

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

35. By letter dated November 28, 2006, Principal Littlefield wrote to Ms. Farrington and reiterated his position that he believed that the photograph violated the School's weapons policy and that he had decided that the use of the photograph was not in the best interests of the School.

36. In the letter, Principal Littlefield also stated that "both the editorial staff and the yearbook advisor considered the picture and felt it was inappropriate for an official publication sponsored by Portsmouth High School."

37. Subsequently, Principal Littlefield stated that, while he would not allow the photograph in the senior portrait section of the yearbook, he would permit the photograph to be included in the yearbook in the advertising section if Ms. Farrington purchased an advertisement.

38. Principal Littlefield was later reported in several newspaper interviews to have said that the reason that the photograph is not being permitted in the yearbook is because it would violate the School's weapons policy.

39. As a result of defendants' exclusion of Patrick's constitutionally protected expression (i.e., the photograph) in a public forum created for such expression, Patrick will suffer irreparable injury for which no adequate remedy at law exists.

40. The irreparable and significant injury to Patrick resulting from his being deprived his constitutionally protected rights outweighs the harm, if any, that would be imposed upon defendants if publication of the yearbook were delayed until the Court's ruling upon plaintiff's request for an injunction.

41. The public interest would be served by granting an injunction which would protect Patrick's constitutional right of free speech and expression.

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

**COUNT I**
**§ 1983 VIOLATIONS**

42. Paragraphs 1 through 41 are incorporated herein as if set forth fully.

43. The federal statute entitled "Civil Action for Deprivation of Rights," 42 U.S.C. § 1983, provides that:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress....

44. Defendants' actions were taken under the color of the authority granted them by the R.I.G.L. § 16-2-9.

45. The yearbook is a forum for expression created by the defendants.

46. The defendants' purpose in opening the forum of the yearbook was to allow seniors to express those things that are important to them.

47. The defendants permit senior students to express their individual interests in the forum of the yearbook.

48. The defendants have not set boundaries or limitations on the forum, to which they would be constrained to adhere.

49. The defendants' restriction on Patrick's expression is not narrowly tailored to serve a compelling state interest.

50. Patrick's constitutional freedom of expression in the form of his photograph does not substantially interfere with the School's work.

True Copy Attest
Jane M. Ackley
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

51. Defendants' actions as set forth above, in refusing to permit plaintiff to express his personal interests in a forum created for such expression, has the purpose and effect of denying and abridging plaintiff's right of free speech guaranteed by the First and Fourteenth Amendments of the United States Constitution, in violation of the above reference federal statute.

WHEREFORE, plaintiff respectfully prays that this Court grant:

a. a temporary restraining order preventing defendants from having the yearbook printed without plaintiff's photograph;

b. a preliminary injunction preventing defendants from having the yearbook printed without plaintiff's photograph;

c. a permanent injunction ordering defendants to include plaintiff's photograph in the yearbook;

d. plaintiff attorneys fees pursuant to 42 U.S.C. § 1988;

e. plaintiff costs and expenses; and

f. plaintiff such other further and equitable relief as this Court may deem just and proper.

**COUNT II**
**STATE CONSTITUTIONAL VIOLATIONS**

52. Paragraphs 1 through 51 are incorporated herein as if set forth fully.

53. Defendants' actions as set forth above, in refusing to permit plaintiff to express his interests in a forum created for such expression, has the purpose and effect of denying and abridging plaintiff's right of free speech under Article I, § 23 of the Rhode Island Constitution.

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

WHEREFORE, plaintiff respectfully prays that this Court grant:

a. a temporary restraining order preventing defendants from having the yearbook printed without plaintiff's photograph;

b. a preliminary injunction preventing defendants from having the yearbook printed without plaintiff's photograph;

c. a permanent injunction ordering defendants to include plaintiff's photograph in the yearbook;

d. plaintiff attorneys fees;

e. plaintiff costs and expenses; and

f. plaintiff such other further and equitable relief as this Court may deem just and proper.

**COUNT III**
**DECLARATORY JUDGMENT**

54. Paragraphs 1 through 53 are incorporated herein as if set forth fully.

55. Plaintiff's expression of the importance of medieval history and the reenactment and study thereof, as expressed through the photograph, was neither intended to nor did it promote, encourage, or condone the use of violent actions, and, therefore, does not violate the weapons policy.

WHERFORE, plaintiff respectfully requests that the Court grant a declaratory judgment, pursuant to R.I.G.L. §§ 9-30-1, et seq., and Rhode Island Superior Court Rule of Civil Procedure 57, declaring that the School's weapons policy as applied under the circumstances herein violated plaintiff's freedom of speech and expression

True Copy Attest
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

under the United States and Rhode Island Constitutions,[1] and that plaintiff is entitled to an award of attorneys fees, costs and expenses, and such other further relief as this Court may deem just and proper.

Plaintiff,
Heidi Farrington
By and through her attorneys

Thomas Connolly (No. 7497)
George E. Lieberman (No. 3060)
VETTER & WHITE
Rhode Island Affiliate,
American Civil Liberties Union
Attorneys for Plaintiffs
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX

Dated: December , 2006

True Copy Attest
Office of Clerk of Superior Co
County of Newport
Newport, Rhode Island

[1] Plaintiff reserves the right to request that this Court order a speedy hearing for a declaratory judgment and that this Court advance such hearing on the calendar pursuant to the cited statute and rule.

# VERIFICATION

STATE OF RHODE ISLAND )
)
COUNTY OF NEWPORT )

1. I, Patrick Agin, being duly sworn, depose and say:

2. I am a minor and a student at Portsmouth High School. This civil action is brought on my behalf by and through my mother and natural guardian, Heidi Farrington, plaintiff.

3. I have read the foregoing Verified Complaint and know the contents of ¶¶ 1, 4, 6-14, 25, 29, 34, and 38 to be true based upon personal knowledge.

4. The remaining paragraphs I believe to be true based upon information and belief.

By: Patrick Agin
Patrick Agin

Sworn before me on
December 10, 2006

Michael J. Daly Comm'n expires 9/19/09
NOTARY PUBLIC

True Copy Attest
Jane M. Anthony
Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island

## VERIFICATION

STATE OF RHODE ISLAND )
)
COUNTY OF NEWPORT )

1. I, Heidi Farrington, being duly sworn, depose and say:

2. I am the Plaintiff herein, and brought this action on behalf of my son, Patrick Agin.

3. I have read the foregoing Verified Complaint and know the contents of ¶¶ 1, 4, 6, 8, 13, 14, 25, 28, and 30-48 to be true based upon personal knowledge.

4. The remaining paragraphs I believe to be true based upon information and belief.

By: Heidi Farrington
Heidi Farrington

Sworn before me on
December 10, 2006

NOTARY PUBLIC comm'n expires 9/19/09

True Copy Attest

Office of Clerk of Superior Court
County of Newport
Newport, Rhode Island